UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER KEITH HALL,<br>　　Plaintiff, | §<br>§<br>§ | Case No. 4:12-cv-01776 |
| v. | §<br>§<br>§ | |
| HAWORTH, INC. et al.<br>　　Defendants. | §<br>§<br>§ | |

_____

**BRIEF IN SUPPORT OF DEFENDANTS FRANCO BIANCHI, TODD JAMES,
ROBERT KIMBALL, MITCH KANTOR, AND ANN HARTEN'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
UNDER FED. R. CIV. P. 12(b)(2)**

　　　　　　　　　　　　　　　Andrea J. Bernard
　　　　　　　　　　　　　　　Attorney-in-Charge
　　　　　　　　　　　　　　　Michigan Bar No. P49209
　　　　　　　　　　　　　　　Admitted *pro hac vice*
　　　　　　　　　　　　　　　WARNER NORCROSS & JUDD  LLP
　　　　　　　　　　　　　　　900 Fifth Third Center
　　　　　　　　　　　　　　　111 Lyon Street, N.W.
　　　　　　　　　　　　　　　Grand Rapids, Michigan 49503-2487
　　　　　　　　　　　　　　　(616) 752-2000

　　　　　　　　　　　　　　　Joseph Y. Ahmad
　　　　　　　　　　　　　　　Attorney-in-Charge
　　　　　　　　　　　　　　　Tx Bar No. 00941100
　　　　　　　　　　　　　　　SD TX ID No. 11604
　　　　　　　　　　　　　　　AHMAD, ZAVITSANOS, ANAIPAKOS,
　　　　　　　　　　　　　　　　　ALAVI & MENSING P.C.
　　　　　　　　　　　　　　　1221 McKinney, Suite 3460
　　　　　　　　　　　　　　　Houston, Texas 77010
　　　　　　　　　　　　　　　(713) 655-1101
　　　　　　　　　　　　　　　**Attorneys for Defendants**

July 31, 2011

## TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ................................................................................................iii

STATEMENT OF QUESTIONS INVOLVED ......................................................................vi

    I.    INTRODUCTION ...............................................................................................1

    II.    BACKGROUND .................................................................................................2

    III.    LAW AND ARGUMENT ...................................................................................3

        A.    The Southern District of Texas lacks General Personal Jurisdiction over Defendants Bianchi, James, Kimball, Kantor, and Harten .............. 4

        B.    The Nonresident Defendants lack the requisite Specific contacts with Texas to establish Specific Personal Jurisdiction............................ 7

    IV.    CONCLUSION .................................................................................................13

## INDEX OF AUTHORITIES

**Cases**                                                                                                                                   **Page(s)**

*Asahi Metal Indus. Co. v. Superior Court*,
    480 U.S. 102, 112 (1987) ............................................................................................. 8

*Asarco, Inc. v. Glenara, Ltd.*,
    912 F.2d 784, 787 (5th Cir. 1990) ............................................................................... 5

*Aviles v. Kunkle*,
    978 F.2d 201, 203-04 (5th Cir. 1992) ......................................................................... 3

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 474 (1984) .................................................................................. 4, 7, 13

*Cent. Freight Lines Inc. v. APA Transp. Corp.*,
    322 F.3d 376, 381 (5th Cir. 2003) ...................................................... 5, 7, 9, 10, 11, 12

*Clemens v. McNamee*,
    615 F.3d 374, 381 (5th Cir. 2010) ............................................................................... 7

*Ennis v. Loiseau*,
    164 S.W.3d 698, 708 (Tex. App. 2005) ....................................................................... 8

*Gardemal v. Westin Hotel Co.*,
    186 F.3d 588, 596 (5th Cir. 1999) ............................................................................... 5

*Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC,
    255 F. App'x 775, 793 (5th Cir. 2007) ....................................................................... 3

*Guidry v. U.S. Tobacco Co.*,
    188 F.3d 619, 625 (5th Cir. 1999) ........................................................ 7, 9, 10, 11, 12, 13

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 413-14 & nn. 8-9 (1984) ....................................................................... 4

*House v. 22 Texas Servs., Inc.*,
    60 F.Supp.2d 602, 613-14 (S.D. Tex) ......................................................................... 6

*Hydrokinetics, Inc. v. Alaska Mech., Inc.*,
    700 F.2d 1026, 1029-30 (5th Cir. 1983) ..................................................................... 7

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310, 316 (1945) .................................................................................. 4, 7, 13

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602, 611 (5th Cir. 2008) ..................................................................................5

*Lewis v. Fresne*,
   252 F.3d 352, 358 (5th Cir. 2001) ..................................................................................4

*Marathon Oil Co. v. A.G. Ruhrgas*,
   182 F.3d 291, 295 (5th Cir. 1999) ..................................................................................8

*Mem'l Hosp. Sys. v. Blue Cross and Blue Shield of Ark.*,
   830 F. Supp. 968, 971 (S.D. Tex. 1993) ........................................................................8

*Moncrief Oil Int'l Inc. v. OAO Gazprom*,
   481 F.3d 309, 312 (5th Cir. 2007) ..................................................................................5

*Revell v. Lidov*,
   317 F.3d 467, 471 (5th Cir. 2002) ..................................................................................5

*Rush v. Savchuk*,
    444 U.S. 320 (1980)........................................................................................................3

*Saudi v. S/T Marine Atlantic,*
   159 F.Supp.2d 469, 474 (S.D. Tex 2000) ......................................................................7

*Siskind v. Villa Found. for Educ., Inc.*,
   642 S.W.2d 434, 438 (Tex. 1982)...................................................................................6

*SITQ E.U., Inc. v. Reata Rests., Inc.*,
   111 S.W.3d 638, 646 (Tex. App. 2003) ......................................................................4, 6

*Stuart v. Spademan,*
   772 F.2d 1185, 1197 (5th Cir. 1994)....................................................... 6, 7, 8, 9, 10, 11, 12, 13

*Submersible Sys., Inc. v. Perforada Cent., S.A.*,
    249 F.3d 413, 419 (5th Cir. 2001) ..................................................................................5

*Wilson v. Belin*,
   20 F.3d 644, 648 (5th Cir. 1994) ....................................................................................4

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286, 297 (1980) .......................................................................8, 9, 10, 11, 12, 13

**Statutes**
29 U.S.C. §201 ........................................................................................................................1

**Other Authorities**
4 Charles Alan Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure: Civil §
    1069 (Supp. 1984)..........................................................................................................6


**Rules**
Fed.R.Civ.Pro. 12(b)(2). ................................................................................................ 1, 3, 14

## STATEMENT OF QUESTIONS INVOLVED

1. Have the Nonresident Defendants, Franco Bianchi, Todd James, Robert Kimball, Mitch Kantor, and Ann Harten, established sufficient minimum contacts with Texas to confer general personal jurisdiction over them in Texas?

2. Does the Texas "Fiduciary Shield Doctrine" bar the assertion of general personal jurisdiction over the Nonresident Defendants, Franco Bianchi, Todd James, Robert Kimball, Mitch Kantor, and Ann Harten, in any event?

3. Does Hall's Complaint arise out of activities purposefully directed by the Nonresident Defendants, Franco Bianchi, Todd James, Robert Kimball, Mitch Kantor, and Ann Harten, at Texas, thereby giving rise to specific personal jurisdiction over them in Texas?

I.    INTRODUCTION

This is an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("**FLSA**"). Plaintiff Keith Hall ("**Hall**") is a former employee of defendant Haworth, Inc. ("**Haworth**") who alleges that Haworth misclassified and failed to pay him, and other allegedly "similarly situated" employees, overtime wages. (Compl. ¶¶ 3-6.) Hall has also named six Haworth employees as defendants in this action, only one of whom is subject to the personal jurisdiction of this Court. Specifically, Hall's Complaint against Franco Bianchi, Todd James, Robert Kimball, Mitch Kantor and Ann Harten (the "**Nonresident Defendants**") must be dismissed, because the Southern District of Texas cannot assert personal jurisdiction over them.

The Nonresident Defendants neither reside nor own property in Texas; they have virtually no physical contact with Texas in their individual capacities; and they do not make "continuous or systematic" contacts with Texas sufficient to confer general personal jurisdiction over them in a Texas court. Moreover, and even to the extent that they have made contact with Texas at all, it has been in their capacity as agents and employees of Haworth. Accordingly, the Texas "Fiduciary Shield Doctrine" bars the assertion of general personal jurisdiction over them for those acts.

Likewise, Hall has not alleged that any of the Nonresident Defendants have purposefully committed any acts in, or directed any actions toward, Texas that give rise to the claims he has asserted in this case. In contrast, the Declarations submitted by the Nonresident Defendants in support of this Motion make clear that none of them participated in the decision to classify Hall or any of the putative class members as "exempt" under the FLSA. Rather, all decisions regarding employee classification under the FLSA are made by Haworth's Compensation and Benefits department, which is managed by the company's Director of Compensation and

1

Benefits. (Bianchi Decl. ¶ 5; Todd Decl. ¶ 7; Kimball Decl. ¶ 7; Harten Decl. ¶ 7; Kantor Decl. ¶ 6.)

In short, Hall's Complaint against the Nonresident Defendants must be dismissed for lack of personal jurisdiction.

## II. BACKGROUND

Hall is an individual residing in Texas. (Compl. ¶ 8) Hall filed this action under the FLSA on June 13, 2012. (Compl. ¶ 1) Though his Complaint contains 70 separately numbered paragraphs, Hall fails to allege any facts specific to the Nonresident Defendants or their purported activities in or toward Texas that would confer personal jurisdiction over the Nonresident Defendants individually by a Texas court. In particular, Hall's specific allegations regarding the Nonresident Defendants are limited to the following:

> 27. Franco Bianchi is the President and CEO of Haworth. He is a resident of Michigan and works primarily in the State of Michigan.
>
> 28. Todd James is the Vice President of Sales and Marketing for Haworth. He is a resident of Michigan and works primarily in the State of Michigan.
>
> 29. Bob Kimball is the former Vice President of Global Accounts for Haworth. He was recently demoted in May 2012 to a sales position of unknown capacity. He is a resident of Michigan and works primarily in the State of Michigan.
>
> \*\*\*
>
> 31. Mitch Kantor is a Regional Director of Global Accounts and supervises the operations of the Houston offices of Haworth. He is a resident of California and works primarily in the State of California.
>
> 32. Ann Harten is the Vice President of Human Resources for Haworth. She is a resident of Michigan and works primarily in the State of Michigan.

(Compl. ¶¶ 27-32.) Hall's Complaint also alleges generally that each of these Nonresident Defendants is a "current and former officer of Haworth or the direct supervisors or in the chain of supervisors of Keith Hall for part or all of the duration of his employment with Haworth." (Compl. ¶ 6.) Thereafter, however, all of Hall's allegations are made as to all "Defendants" generally, and none of the allegations ascribe specific conduct or statements to any of the Nonresident Defendants individually. For this reason alone, Hall has failed to establish personal jurisdiction over any of the Nonresident Defendants. *Rush v. Savchuk*, 444 U.S. 320, 332-33 (1980) (aggregating defendants into a collective of "defending parties" does not satisfy federal due process). See also *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise*, LLC, 255 F. App'x 775, 793 (5th Cir. 2007) ("[I]t is not enough to simply rest on the use of the collective term, "Defendants," in the allegations.")

Indeed, Hall candidly admits that these Nonresident Defendants do not reside or primarily work in Texas. (See Compl. ¶¶ 27, 28, 29, 31, and 32.) Yet he fails to allege facts demonstrating contacts sufficient in number or character between the Nonresident Defendants and Texas to demonstrate that this Court has personal jurisdiction over them. Moreover, as demonstrated by the Declarations filed by each of the Nonresident Defendants in support of this Motion, those contacts simply do not exist. Accordingly, dismissal is proper. Fed.R.Civ.Pro. 12(b)(2).

### III. LAW AND ARGUMENT

When a federal question case is based upon a federal statute that is silent as to service of process, Federal Rule of Civil Procedure 4(e) permits a federal court to exercise personal jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which that court sits. *Aviles v. Kunkle*, 978 F.2d 201, 203-04 (5th Cir. 1992). The FLSA is one

such statute. *Id*. at 204. Accordingly, whether this Court may assert personal jurisdiction over any of the Nonresident Defendants must be determined under Texas's long-arm statute and the due process requirements of the U.S. Constitution. *Id*. *See also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1984). Because the Texas Long-Arm Statute extends to the limits of federal due process, however, the inquiry collapses into one federal due process analysis. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

It is undisputed that defendants Bianchi, James, Kantor, Kimball, and Harten all reside outside of Texas. (Compl. ¶¶ 27, 28, 29, 31, and 32.) To assert personal jurisdiction over a nonresident defendant, federal due process requires Hall to prove: (1) that the nonresident purposely availed himself or herself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *Wilson*, 20 F.3d at 647. Additionally, "[t]here are two types of 'minimum contacts:' those that give rise to general personal jurisdiction and those that give rise to specific personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). *See also SITQ E.U., Inc. v. Reata Rests., Inc.*, 111 S.W.3d 638, 646 (Tex. App. 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 & nn. 8-9 (1984)). The Nonresident Defendants have not made contacts of sufficient number or character to confer either general or specific personal jurisdiction over them in Texas.

**A.     The Southern District of Texas lacks General Personal Jurisdiction over Defendants Bianchi, James, Kimball, Kantor, and Harten.**

General personal jurisdiction over a nonresident defendant may be asserted, "when a defendant's contacts with the forum state are substantial and 'continuous and systematic' but

4

unrelated to the instant cause of action." *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). However, the "continuous and systematic contacts test is a difficult one to meet, requiring ***extensive*** contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforada Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001) (citation omitted and emphasis supplied). The Fifth Circuit "has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008). *See also Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) (holding that sporadic contacts with a forum state were insufficient to cause the defendant to reasonably anticipate the possibility of being haled into court in that state). "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (internal citation omitted). Moreover, "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous, and systematic contacts required for a finding of general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002); *Johnston*, 523 F.3d at 609.

Equally important, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610 (citing *Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 596 (5th Cir. 1999)). Hall's Complaint contains nothing but "vague and overgeneralized" assertions that provide "no indication as to the extent, duration, or frequency" of contact between the Nonresident Defendants and Texas. In particular, Hall's Complaint says nothing about the activities or contacts by the Nonresident Defendants that purportedly subject them to jurisdiction

5

in Texas. Accordingly, this court cannot establish general personal jurisdiction over the Nonresident Defendants based on Hall's Complaint.

Moreover, and even if Hall's Complaint properly addressed the question of contacts by the Nonresident Defendants with Texas, those contacts would still be insufficient to confer general personal jurisdiction because of the "Fiduciary Shield Doctrine." Under Texas law, "the fiduciary shield doctrine protects a corporate officer or employee from the trial court's exercise of general jurisdiction over him when all of the individual's contacts with Texas were on behalf of the employer." *SITQ E.U., Inc.*, 111 S.W.3d at 650-51 (citing *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982)). Under the fiduciary shield doctrine, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has *in personam* jurisdiction over the corporation." *Stuart v. Spademan,* 772 F.2d 1185, 1197 (5th Cir. 1994) (citing 4 Charles Alan Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure: Civil § 1069 (Supp. 1984)). Nonresident, non-shareholding corporate executives and officers are entitled to the protection of the fiduciary shield doctrine. *House v. 22 Texas Servs., Inc.*, 60 F.Supp.2d 602, 613-14 (S.D. Tex) (applying Texas personal jurisdiction law).

Hall's Complaint alleges no activities by the Nonresident Defendants in their individual capacities that were not made on behalf of their corporate employer, Haworth. Additionally, each of the Nonresident Defendants has confirmed that all of their actions in Texas were undertaken on behalf of Haworth, and not in their individual capacities. (Bianchi Decl. ¶ 8, James Decl. ¶ 14, Kimball Decl. ¶ 16, Kantor Decl. ¶ 14, Harten Decl. ¶ 12.) Moreover, none of the Nonresident Defendants are Haworth shareholders. (Bianchi Decl. ¶ 2; James Decl. ¶ 2; Kimball Decl. ¶ 2; Kantor Decl. ¶ 2; Harten Decl. ¶ 2.) As a result, the exercise of general

6

Case 4:12-cv-01776 Document 9 Filed in TXSD on 07/31/12 Page 13 of 20

personal jurisdiction over these non-shareholding officers is precluded both by the notions of "fair play" and substantial justice" dictated by the United States Constitution, and by the Fiduciary Shield Doctrine. *Int'l Shoe Co.*, 326 U.S. at 316; *Burger King Corp.*, 471 U.S. at 474; *Stuart*, 772 F.2d at 1197.

**B.    The Nonresident Defendants lack the requisite Specific contacts with Texas to establish Specific Personal Jurisdiction.**

A court may alternatively exercise specific personal jurisdiction over a nonresident defendant if he or she has "purposefully directed [his/her] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Cent. Freight Lines Inc.*, 322 F.3d at 381 (emphasis supplied) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)). The Fifth Circuit applies a three-part test to determine whether specific personal jurisdiction exists:

> (1) Did the defendant have minimum contacts with the forum state- purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein? (2) Did the plaintiffs cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?

*Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999). See also *Saudi v. S/T Marine Atlantic,* 159 F.Supp.2d 469, 474 (S.D. Tex 2000).

A nonresident defendant's unrelated contacts with a forum state, therefore, are not sufficient to establish specific personal jurisdiction over that defendant. *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029-30 (5th Cir. 1983). Rather, to establish specific jurisdiction, a defendant's contacts with a forum must "relate to and form an integral part of the instant cause of action." *Clemens v. McNamee*, 615 F.3d 374, 381 (5th Cir. 2010). Stated differently, the plaintiff must demonstrate some sort of "tortious conduct" by the defendants

7

"[that] was aimed at activities in Texas." *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). "[T]he key to subjecting an individual officer to specific jurisdiction is *whether he may be held individually liable* for those actions constituting minimum contacts with the forum, even if the actions were performed in his corporate capacity." *Ennis v. Loiseau,* 164 S.W.3d 698, 708 (Tex. App. 2005) (emphasis original).

Finally, specific jurisdiction is also appropriate only when a defendant can "reasonably foresee being haled into a Texas court to answer for [his or her] actions." *Stuart*, 772 F.2d at 1190 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). *See also Mem'l Hosp. Sys. v. Blue Cross and Blue Shield of Ark.*, 830 F. Supp. 968, 971 (S.D. Tex. 1993). "[T]he type of foreseeability that is critical to establishing in personam jurisdiction over an out-of-state defendant is that the defendant's *own purposeful acts* have some effect in the forum." *Id*. at 972 (emphasis supplied) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987)).

Hall's Complaint fundamentally alleges that Haworth misclassified him, and the other putative collective action members, as exempt from the overtime requirements of the FLSA. (Compl. ¶¶ 3-6.) According to Hall, he should have been classified as non-exempt, and therefore paid time-and-one-half for all hours worked over 40 each week. (Compl. ¶¶ 3-6.) Accordingly, the alleged "wrong" committed against Hall is his purported misclassification and resulting failure to pay him overtime pay. None of the Nonresident Defendants committed any acts in or directed toward Texas that would confer jurisdiction over them for these activities.

    a.    **Franco Bianchi**

Franco Bianchi is Haworth's President and Chief Executive Officer, a position he has held since 2005. (Bianchi Decl. ¶ 1.) He is not a shareholder of Haworth and in no sense can he

8

be considered an "alter ego" for that entity. (Bianchi Decl. ¶ 2.) *Stuart*, 772 F.2d at 1197-98. Bianchi resides and works primarily in the state of Michigan. (Bianchi Decl. ¶ 6; Compl. ¶ 27.) He owns no property in Texas, and he has only traveled there four times for business reasons within the period of limitations claimed in Hall's Complaint. (Bianchi Decl. ¶¶ 7-8.) Significantly, none of these trips to Texas had anything to do with Hall or the alleged wrongdoing of which he complains. (Bianchi Decl. ¶¶ 5, 9.) Most importantly, Bianchi played no part in the decision to classify Hall or the other putative collective action members as exempt under the FLSA. (Bianchi Decl. ¶ 5.) Thus, Bianchi has personally committed no acts causing tortious injury within the state of Texas, and Hall has not alleged any such acts in his Complaint.

In sum, Hall's alleged cause of action against Nonresident Defendant Bianchi did not "arise out of" any "purposeful act" directed by Bianchi toward Hall or the forum of Texas. *Cent. Freight Lines*, 322 F.3d at 381. Moreover, and based on these facts, Bianchi would have no reason to expect that he would be haled into court in Texas to answer personally for the salary classification decisions made by others at Haworth regarding Hall, or any other Haworth employees in Texas. *World-Wide Volkswagen Corp.*, 444 U.S. at 297; *Stuart*, 772 F.2d at 1190. It would therefore be neither "fundamental[ly] fair[ ]" nor "reasonable" for the forum state of Texas to exercise personal jurisdiction over Bianchi. *Guidry*, 188 F.3d at 625.

   b. Todd James

Todd James has been Haworth's Vice President for Global Sales since 2009. (James Decl. ¶ 1.) He owns no property in Texas, and resides and works primarily in the state of Michigan. (James Decl. ¶¶ 12-13; Compl. ¶ 28.) Although he occasionally travels to Texas for business purposes, he has always done so in his capacity as an executive and agent for Haworth, Inc. (James Decl. ¶¶ 13-14.) Moreover, none of his trips to Texas had anything to do with Hall

9

or the alleged wrongdoing of which he complains. (James Decl. ¶¶ 10, 15.) Most importantly, James played no part in the decision to classify Hall or the other putative collective action members as exempt under the FLSA. (James Decl. ¶ 6.) Thus, James has personally committed no acts causing tortious injury within the state of Texas, and Hall has not alleged any such acts in his Complaint

Like Bianchi, Hall's alleged cause of action against Nonresident Defendant James did not "arise out of" any "purposeful act" directed by James toward Hall or the forum of Texas. *Cent. Freight Lines*, 322 F.3d at 381. James has committed no acts which would cause tortious injury within the state of Texas, and Hall has not alleged any such acts in his Complaint. Moreover, and based on these facts, James would have no reason to expect that he would be haled into court in Texas to answer personally for the salary classification decisions made by others at Haworth regarding Hall, or any other Haworth employees in Texas. *World-Wide Volkswagen Corp.*, 444 U.S. at 297; *Stuart*, 772 F.2d at 1190. It would therefore be neither "fundamental[ly] fair[ ]" nor "reasonable" for the forum state of Texas to exercise personal jurisdiction over James. *Guidry*, 188 F.3d at 625.

    **c.**    **Robert Kimball**

Robert Kimball served as Haworth's Vice President for Global Accounts from 1998 to May 1, 2012. (Kimball Decl. ¶ 1.) He owns no property in Texas, and resides and works primarily in the state of Michigan. (Kimball Decl. ¶¶ 14-15; Compl. ¶ 29.) Although he occasionally travels to Texas for work purposes, he has only done so in his capacity as an employee of Haworth. (Kimball Decl. ¶¶ 15-16.) None of these trips to Texas were in any way related to the alleged wrongdoing of which Hall complains. (Kimball Decl. ¶ 16.) In particular,

Kimball played no role in the decision to classify Hall or any other members of the purported collective action as exempt under the FLSA. (Kimball Decl. ¶¶ 7, 9.)

Kimball did not direct any "purposeful acts" toward the state of Texas that caused tortious injury within the state of Texas, nor has Hall alleged any such acts in his Complaint. (Kimball Decl. ¶16.) *Cent. Freight Lines*, 322 F.3d at 381. Moreover, and based on these facts, Kimball would have no reason to expect that he would be haled into court in Texas to answer personally for the salary classification decisions made by others at Haworth regarding Hall, or any other Haworth employees in Texas. *World-Wide Volkswagen Corp.*, 444 U.S. at 297; *Stuart*, 772 F.2d at 1190. It would therefore be neither "fundamental[ly] fair[ ]" nor "reasonable" for the forum state of Texas to exercise personal jurisdiction over Kimball. *Guidry*, 188 F.3d at 625.

### d. Mitch Kantor

Nonresident Defendant Mitch Kantor served as Haworth's Director of Global Accounts from February 2002 to June 2012 and currently serves as Haworth's Vice President of Global Accounts. (Kantor Decl. ¶ 1.) He owns no property in Texas, and resides and works primarily in the state of California. (Kantor Decl. ¶¶ 13-14; Compl. ¶ 31.) Although he frequently travels to Texas for work purposes, none of his trips or contacts with Texas had anything to do with the ultimate question in this case: whether Haworth misclassified Hall as exempt under the FLSA. (Kantor Decl. ¶ 6.) Indeed, decisions regarding employee classification under the FLSA were not within the scope of Kantor's job duties; nor has he ever had the authority to alter that classification. (Kantor Decl. ¶¶ 6, 9.) In fact, making such a decision would be entirely outside the areas of Kantor's expertise. (Kantor Decl. ¶ 8.)

Kantor did not direct any "purposeful acts" toward the state of Texas that have any bearing on this litigation, and this litigation cannot be said to "arise from" any act taken by

Kantor. (Kantor Decl. ¶ 8.) *Cent. Freight Lines*, 322 F.3d at 381. Moreover, Hall has not even alleged that he did. Thus, there is no basis on which to assert specific personal jurisdiction over Kantor. (Id.) Based on these facts, Kantor would have no reason to expect that he would be haled into court in Texas to answer personally for the salary classification decisions made by others at Haworth regarding Hall, or any other Haworth employees in Texas. *World-Wide Volkswagen Corp.*, 444 U.S. at 297; *Stuart*, 772 F.2d at 1190. It would therefore be neither "fundamental[ly] fair[ ]" nor "reasonable" for the forum state of Texas to exercise personal jurisdiction over Kantor for these decisions. *Guidry*, 188 F.3d at 625.

### e. Ann Harten

Nonresident Defendant Ann Harten is Haworth's Vice President for Global Human Resources, a position she has held since 2008. (Harten Decl. ¶ 1.) She owns no property in Texas, and resides and works primarily in the state of Michigan. (Harten Decl. ¶¶ 10-11; Compl. ¶ 32.) Since 2009, Harten has traveled to Texas only three times – each time, acting on behalf of Haworth, in her capacity as an employee of Haworth. (Harten Decl. ¶ 12.) More importantly, none of these trips to Texas had anything to do with the alleged wrongdoing of which Hall complains. (Harten Decl. ¶ 6-8, 13.) Indeed, Harten did not direct any "purposeful acts" toward the state of Texas or Hall that give rise to Hall's Complaint. (Id.) Harten has committed no acts which would cause tortious injury within the state of Texas, nor has Hall alleged any such acts in his Complaint. Harten played no part the decision to classify Hall or the putative collective action members as exempt under the FLSA; indeed, this decision was made by others before she even joined Haworth. (Harten Decl. ¶¶ 6-8.)

Under these circumstances, Harten would have no reason to expect that she would be haled into court in Texas to answer personally for the salary classification decisions made by

others at Haworth regarding Hall, or any other Haworth employees in Texas. *World-Wide Volkswagen Corp.*, 444 U.S. at 297; *Stuart*, 772 F.2d at 1190. It would therefore be neither "fundamental[ly] fair[ ]" nor "reasonable" for the forum state of Texas to exercise personal jurisdiction over Harten for these decisions. *Guidry*, 188 F.3d at 625.

## IV. CONCLUSION

The Due Process clause of the United States Constitution requires that the exercise of individual personal jurisdiction over the Nonresident Defendants both: (a) arise from the Nonresident Defendants' "own purposeful acts" directed at Hall or Texas; and (b) be "fundamentally fair" and satisfy "traditional notions of fair play and substantial justice." *Burger King,* 471 U.S. at 472; *Int'l Shoe*, 326 U.S. at 320. Hall seeks to hold the Nonresident Defendants individually and personally liable for the exempt manner in which Haworth, Inc. classified and paid him under the FLSA. Yet Hall's Complaint fails to identify any "purposeful acts" by the Nonresident Defendants and directed at Hall or Texas that give rise to these claims. Moreover, it is undisputed that none of the Nonresident Defendants participated in any decision-making regarding Haworth's classification of employees under the FLSA. (Bianchi Decl. ¶ 5; James Decl. ¶ 6; Kimball Decl. ¶¶ 7, 9; Kantor Decl. ¶¶ 6, 9; Harten Decl. ¶ 6.) Those decisions are, in every instance, made by members of Haworth's Compensation and Benefits department, which is led by the company's Director of Compensation and Benefits. (Bianchi Decl. ¶ 5; James Decl. ¶ 7; Kimball Decl. ¶ 7; Kantor Decl. ¶ 6; Harten Decl. ¶ 7.) To assert personal jurisdiction over these Nonresident Defendants in Texas, personally and individually, for decisions made by others far removed in time and location is neither fundamentally fair nor consistent with the traditional notions of fair play and substantial justice required by due process.

For these and all of the foregoing reasons, Nonresident Defendants Franco Bianchi, Todd James, Bob Kimball, Mitch Kantor and Ann Harten respectfully request that the Court dismiss Hall's Complaint against them, under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

Dated: July 31, 2012

By *s/Andrea J. Bernard*
Andrea J. Bernard
Attorney-in-Charge
Michigan Bar No. P49209
Admitted *pro hac vice*
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
(616) 752-2000

Joseph Y. Ahmad
Attorney-in-Charge
Tx Bar No. 00941100
SD TX ID No. 11604
AHMAD, ZAVITSANOS, ANAIPAKOS,
    ALAVI & MENSING P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2012, a true and correct copy of the above and foregoing document has been forwarded through the Court's ECF System, by first class mail or by facsimile transmission to all counsel as follows:

Charles A. Sturm
STURM STEELE PLLC
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600
Attorney for Plaintiff

*s/Andrea J. Bernard*
Andrea J. Bernard

001030.148709 8450449-6

14